FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

2007 NOV 27  AM 11: 26

In re: ROMAULD JOSEPH KLAUER

ROMAULD JOSEPH KLAUER,

    Appellant,

v.       Case No. 3:07-cv-230-J-12

UNITED STATES OF AMERICA,

    Appellee.

---

## OPINION AND ORDER

This case presents an appeal pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure, from the United States Bankruptcy Court for the Middle District of Florida. On November 27, 2006, the Bankruptcy Court entered its Order Denying Plaintiff's Motion for Administrative and Litigation Costs and Fees (Doc. 1-3).[1] That same date, the Bankruptcy Court's Findings of Fact and Conclusions of Law (Doc. 1-20) were entered. Appellant, Romauld Joseph Klauer ("Klauer") then filed this appeal.

---

[1] With the exception of one accordion file folder of exhibits from the evidentiary hearing in this case (see Tr. of Hg. Doc. 1-18), the record on appeal was submitted to this Court electronically and is found as part of Document 1 in the record of this Court. In citing to the record on appeal, the Court uses the Document number that appears at the top of each printed page of a document, "Doc. 1-x." In order to locate those documents on the electronic record, one must go to Document 1 on the docket and look for attachment number x-1. For example, the Court refers to the Bankruptcy Court's Order Denying Plaintiff's Motion for Administrative and Litigation Costs and Fees as Doc.1-3, which is the document number that appears at the top of the printed page. That document (Doc.1-3) is found in the electronic record of this Court as Document 1 at attachment 2 or Doc. 1-(x-1).

**FACTS AND PROCEDURAL HISTORY**

This appeal arises out of a Chapter 7 proceeding involving Appellant Klauer. The events leading to the Bankruptcy Court's November 27, 2006, Order (Doc. 1-3), are not in dispute and the Court reviews them briefly below.

After Klauer's Chapter 7 discharge on April 8, 2004, the IRS[2] informed Klauer that it would seek to collect taxes allegedly owed by Klauer which had been the subject of an IRS Proof of Claim (Doc. 1-8, Exhibit 1) during his Chapter 7 proceedings. Klauer sent a letter of inquiry to the IRS Local Insolvency Unit indicating that certain notices were sent by the IRS in violation of the permanent injunction under 11 U.S.C. § 524(a) and asserting his position that the IRS had improperly assessed some taxes and that others were discharged in the bankruptcy proceedings. See July 30, 2004, letter from Klauer, Klauer Hg. Exh. 2.[3]

In response to Klauer's inquiry, Ruth Grim, IRS Insolvency Specialist, informed him that the IRS had determined that the tax years at issue were exempted from discharge and that her letter served as evidence of the IRS determination of non-dischargeability. See August 5, 2004, letter, IRS Proof of Claim, Doc. 1-8, Exhibit 2. On August 13 and October 5, 2004, Klauer sent two more letters to Ms. Grim requesting further clarification and

---

[2] Throughout this opinion, the Court refers to Appellee, the United States of America, as the IRS (the Internal Revenue Service) which is the government agency involved in this matter.

[3] The Court refers to the exhibits that were introduced at the hearing before the Bankruptcy Court on August 22, 2006, as "USA Hg. Exh x" or "Klauer Hg. Exh. x." Those exhibits were not scanned as part of the electronic record on appeal, but were submitted to the Court separately (see Doc. 20) and are contained in an accordion folder labeled "Exhibits."

inquiring about the IRS's determination of non-dischargeability.. See IRS Proof of Claim, Doc. 1-8, Exhibits 3 and 4. By letter dated October 13, 2004, Ms. Grim responded to Klauer's letters by advising him that the IRS had made a determination as to the non-dischargeability of his taxes and attached a copy of her August 5, 2004, letter. See IRS Proof of Claim, Doc. 1-8, Exhibit 5. She also advised him in that letter that if he did not agree with the IRS's determination, he had "the right to challenge this decision in court by filing a Complaint to Determine Dischargeability with the Bankruptcy Court." Id.

In his effort to resolve the matter regardng the dischargeability of his tax liabilities, Klauer also filed three requests for administrative collection due process hearings with the IRS Office of Appeals. See USA Hg. Exhs. 8-10. Klauer's last request for hearing was filed on January 6, 2005, and covered all the tax years at issue, thus superseding the other two requests.

After receiving a Notice of Intent to Levy, dated April 4, 2005 (Klauer Hg. Exh. 11), Klauer filed his Complaint to Determine Dischargeability of Taxes (Doc.1-7) with the Bankruptcy Court on April 26, 2005. At this time, the IRS had taken no action regarding any of his requests for a collection due process hearing. In its Answer (Doc. 1-9) to Klauer's Complaint, the IRS admitted many of the allegations contained therein and stated with regard to others, including allegations concerning the issue of whether Klauer attempted to evade or defeat payment of his delinquent tax liabilities, that it lacked knowledge or information sufficient to respond as to the truth of the allegations.

Klauer and the IRS ultimately agreed to the entry of a consent Judgment (Doc.1-10) resolving the issues concerning Klauer's tax liability which was signed by the Bankruptcy Judge on November 29, 2005. Klauer then filed a Motion for Reasonable Administrative

and Litigation Costs and Fees (Doc.1-11), which the Bankruptcy Court denied (see Order, Doc. 1-3 and Findings of Fact and Conclusions of Law, Doc.1-8), after conducting an evidentiary hearing on August 22, 2006 (see Tr. of Hg., Doc. 1-18). Klauer then filed this appeal.

## ANALYSIS

### Issues and Standard of Review

The two issues presented in this appeal are: 1) whether the Bankruptcy Court lacked jurisdiction to award attorneys' fees to Klauer because he had not exhausted his administrative remedies; and 2) if the Bankruptcy Court had jurisdiction, whether it abused its discretion in declining to award attorneys' fees based upon its finding that the Government's position was substantially justified.

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Industries, Inc., 19 F.3d 1371, 1374 (11th Cir. 1994). Thus, while this Court reviews de novo the legal conclusions of the Bankruptcy Court, In re JLJ, Inc., 988 F.2d 1112, 1113 (11th Cir. 1993), it must accept the Bankruptcy Court's findings of fact unless they are clearly erroneous, In re Georg, 930 F.2d 1563, 1566 (11th Cir. 1991); Bankr. Rule 8013. The decision regarding the award of attorneys' fees is to be reviewed under the abuse of discretion standard. In re: Rasbury, 24 F.3d 159, 165-66 (11th Cir. 1994).

The Court has carefully reviewed the briefs submitted by the parties as well as the applicable law, considered the argument of counsel presented at oral argument held on

September 6, 2007, and reviewed the entire record on appeal. For the reasons set forth below, the Court will affirm the Bankruptcy Court's decision in this matter as to both issues raised on appeal. The Court will discuss each issue in turn below.

Bankruptcy Court's Finding That It Lacked Jurisdiction

Klauer sought administrative and litigation costs and fees pursuant to 26 U.S.C. § 7430(a)[4] which states:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination ... of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for –
> (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue service, and
> 2) reasonable litigation costs incurred in connection with such court proceeding.

Section 7430(b) provides that "[a] judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service." IRS regulations further provide that in order to exhaust administrative remedies under § 7430, a party must file with the IRS "district director having jurisdiction over the dispute a written claim for relief reciting facts and circumstances

---

[4] In their briefs, and during oral argument before this Court, the parties discussed the applicability of 26 U.S.C. § 7433(e) to the issues raised in this appeal. Klauer originally sought administrative and litigation costs and fees pursuant to § 7433(e) (see Docs. 1-11 and 1-12), but later noted that because there were "no actual, direct economic damages, [Klauer] is solely seeking an award of reasonable administrative and litigation costs and fees from [sic] Internal Revenue Service under [26 U.S.C.] § 7430" (Doc. 1-19 at pp. 6-7, n.1). The Bankruptcy Court considered Klauer's request for attorneys' fees solely under § 7430 and this Court does likewise.

sufficient to show the nature of the relief requested and that the party is entitled to such relief," and await a denial of relief by the district director or the district director's failure to act within a reasonable time. Treasury Reg. § 301.7430-1(d)(i) and (ii).

Section § 7430 constitutes a waiver of the government's sovereign immunity and as a result, strict compliance with its provisions is required. See e.g., United States v. Nordic Villiage, Inc., 503 U.S. 30, 34 (1992); Ardestani v. United States, 502 U.S. 129, 137 (1991). In Cooper v. United States, 60 F.3d 1529, 1530-31 (11th Cir. 1995), the Eleventh Circuit cited various provisions of § 7430 to explain that a party must meet three requirements in order to be eligible for an award of attorneys' fees and administrative expenses. The party must: 1) exhaust administrative remedies within the IRS before commencing a civil proceeding; 2) establish that the party is a "prevailing party" as defined; and 3) show that the requested award is reasonable. The Eleventh Circuit also recognizes that all the statutory requirements, including exhaustion of administrative remedies, must be met regardless of the unfairness involved. See In re Brickell Investment Corp., 922 F.2d 696, 703 (11th Cir. 1991), citing Ewing & Thomas, P.A. v. Heye, 803 F.2d 613, 616 (11th Cir. 1986).

In Brickell, the Eleventh Circuit found that in challenging wrongful IRS action, the appropriate procedure for exhaustion of administrative remedies under the applicable regulations was to submit a written claim for relief with the District Director of the IRS. 922 F.2d at 703. At the time Brickell was decided, IRS statutes and regulations required filing with the appropriate District Director for exhaustion. At the time Klauer attempted to determine the dischargeability of his tax liabilities, both parties acknowledge that the position of District Director no longer existed due to an IRS reorganization. See Klauer

Brief, Doc. 10 at pp.10 and 14 (citing Treas Reg. 301.7430-1(d) and IRS Notice 2003-19); IRS Brief, Doc. 13 at p. 20 and n.21. IRS Notice 2003-19 advises taxpayers of the "proper address for filing certain ... documents ... as a result of the reorganization" and directs taxpayers to "contact the [IRS] if they have questions regarding who within the [IRS] is authorized to perform any action currently provided for in a regulation with respect to [an IRS] official or position that no longer exists as a result of the reorganization." IRS Notice 2003-19 acknowledges that as a result of the reorganization, some "regulations specify outdated places of filing (e.g. the Office of District Director)." Section 4 of IRS Notice 2003-19 prescribes the "Regulations and Place of Filing Organized by Internal Revenue Code Section," and indicates that documents required to be filed pursuant to § 7430 and IRS Treas. Reg. 301.7430(d)(1)(i)(Exhaustion of Administrative Remedies) are now to be filed at the Case Processing Site. Section 5 of IRS Notice 2003-19 provides the mailing addresses for the offices listed therein and the address provided for taxpayers located in Florida is:

> Internal Revenue Service
> Case Processing, Stop 4900
> 400 West Bay Street
> Jacksonville, FL 32202.

In its Findings of Fact and Conclusions of Law, the Bankruptcy Court found that Klauer "did not file a request for administrative relief directly with the IRS District Director or with the Chief of the Local Insolvency Unit." Doc. 1-20 at p.3, ¶ 12. Thereafter, the Bankruptcy Court, relying on Brickell, refers only to Klauer's failure to file a claim with the District Director, and concludes that Klauer failed to exhaust his administrative remedies. The Bankruptcy Court does not discuss the effect of the IRS reorganization or IRS Notice

2003-19 on the exhaustion requirement in § 7430.

The Bankruptcy Court found that instead of filing a written claim with the IRS District Director, Klauer "asked a bankruptcy insolvency specialist [Ruth Grim] to comment on the dischargeability question and filed requests for a collection due process hearing with the IRS Office of Appeals." Doc. 1-20 at p.6. The Bankruptcy Court concluded that Klauer's efforts were not sufficient to exhaust administrative remedies under IRS regulations and Eleventh Circuit law. This Court agrees with the conclusion of the Bankruptcy Court for the reasons set forth below.

Appellant Klauer does not contest the Bankruptcy Court's finding that he "did not file a request for administrative relief directly with the IRS District Director or with the Chief of the Local Insolvency Unit," but asserts that the Bankruptcy Court nevertheless should have found that he had exhausted his administrative remedies, making various arguments that he substantially complied or should be deemed to have complied with exhaustion requirements or that such compliance was futile and should be excused under the circumstances of this case. The circumstances Klauer relies upon include Ruth Grim's August 5, and October 13, 2004, letters (IRS Proof of Claim Doc. 1-8, Exhs. 2 and 5) and the IRS' failure to address his collection due process hearing requests.

As stated above, because § 7430 is a waiver of sovereign immunity, all the statutory requirements, including the exhaustion requirement must be strictly construed. The Eleventh Circuit has noted that such strict construction is required even at the risk of unfairness to the taxpayer. Brickell, 922 F.2d at 703.

The Court cannot find that the Bankruptcy Court clearly erred in finding that Klauer's correspondence with Insolvency Specialist Ruth Grim was insufficient to exhaust

administrative remedies. Pursuant to applicable law, including, § 7430, Treas. Reg. § 301.7430-1(d)(i) and (ii), and IRS Notice 2003-19, Klauer was required to submit "a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief," and to address his correspondence to the address listed for Florida taxpayers in IRS Notice 2003-19, before filing a civil proceeding, if he intended to seek reasonable administrative and litigation costs and fees upon a favorable resolution of the matter in the Bankruptcy Court.

Klauer's July 30, 2004, letter to Ruth Grim concerns notices he received from the IRS for the taxable years 1978 and 1981 and advises her that the notices were sent in violation of the permanent injunction under 11 U.S.C. § 524(a). Klauer Hg. Exh. 2. His August 13, 2004, letter, written in response to Ms. Grim's August 5, 2004, letter, concerns all six taxable years at issue and offers some "questions, comments, or observations" and requests that she "respond to our inquiry since we are completely perplexed as to the basis for the determinations by Internal Revenue Service." Klauer Hg. Exh. 4. Klauer's October 5, 2004, letter concerns all six taxable years at issue and is a "follow up to our letter of August 13, 2004, requesting certain information." Klauer Hg. Exh. 5.

The Court cannot find that Klauer's letters constituted "a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief," as contemplated by Treas. Reg. 7430-1(d)(i). The letters themselves indicate that Klauer was seeking information regarding the IRS's decision-making process regarding its position concerning his tax liabilities.

In addition, he did not send his letters addressed as required pursuant to IRS Notice 2003-19. Klauer's letters were addressed as follows:

> Ruth Grim
> Internal Revenue Service
> SBSE:CS Insolvency, Territory 5
> 400 W. Bay Street, suite 35045
> Stop 5740-GRP 5
> Jacksonville, FL 32202.

Moreover, the Court cannot find that the Bankruptcy Court clearly erred in failing to construe Ruth Grim's second letter dated October 13, 2004 (Doc. 1-8, Exhibit 5), advising Klauer that if he did not agree with the IRS's determination, he had "the right to challenge this decision in court by filing a Complaint to Determine Dischargeability with the Bankruptcy Court," as a sufficient basis for establishing that Klauer had exhausted his administrative remedies. At the hearing before the Bankruptcy Court, Klauer's attorney acknowledged that Ruth Grim, as an insolvency "specialist," was more akin to a case worker. Tr. of Hg. Doc., 1-18 at 44-46.

The record also indicates that Klauer himself did not consider Ms. Grim's August 5, or October 13, 2004, letters (IRS Proof of Claim, Doc. 1-8, Exhibits 2 and 5) alone sufficient to complete exhaustion or as the final say of the IRS regarding his tax liabilities. He filed his third request for an administrative due process hearing on January 6, 2005 (USA Hg. Exh.10), almost three months after receiving her last letter, and then waited more than three months after that before he filed his Complaint to Determine Dischargeability of Taxes (Doc. 1-7) in the Bankruptcy Court on April 26, 2005.

It is important to note that the exhaustion requirement in this case was necessary only in order to apply for attorneys' fees; the parties have not asserted, nor has the Court found any requirement that Klauer was required to exhaust administrative remedies with the IRS before filing his Complaint in the Bankruptcy Court. The Bankruptcy Code gives

the Bankruptcy Court authority to discharge debts and to determine tax liability. See Title 11 U.S.C. §§ 505, 523, 524 and 727. Ruth Grim's letter advised Klauer of his right to seek a Bankrutpcty Court's determination as to the dischargeability of his taxes–a right he possessed even before he requested the IRS's determination in an effort to resolve the matter without going to court. Ms. Grim's letters do not purport to construe Klauer's request for determination of dischargeability with regard to the tax years at issue as a "written claim for relief" pursuant to § 7430 or in any way address the issue of exhaustion for purposes of that section.

The Court also notes that the exhaustion requirement is not onerous. Klauer was required only to submit "a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief," addressed as prescribed by IRS Notice 2003-19, and wait a reasonable period of time, no more than 60 days. See Treas. Reg. § 301.7430-1(d).

Upon being advised by Ruth Grim's second letter dated October 13, 2004, that the IRS did not consider the taxes dischargeable, and determining that he would have to seek a definitive determination in the Bankruptcy Court, it was Klauer's responsibility to ensure that he had exhausted his administrative remedies before filing suit to ensure that should he ultimately prevail, he would be entitled to seek attorneys' fees. To ensure that he had done everything required for exhaustion he should have submitted "a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief," addressed as prescribed by IRS Notice 2003-19. See Treas. Reg. § 301.7430-1(d)(i).

The record demonstrates no immediacy or urgent need to file his Complaint to

Determine Dischargeability. Klauer has not disputed the IRS' contention that the Notices of Intent to Levy simply advised him of the IRS' intent to levy as to the tax years allegedly owed and gave him the opportunity to seek a due process hearing on the proposed collection, but that any collection action by the IRS was suspended until Klauer's requests for hearing were addressed. See Appellee's Brief at p. 12-13 and n.4.

It also appears from the record that both parties and the Bankruptcy Court refer to Klauer's failure to file a written claim for relief with the Chief of the Local Insolvency Unit because pursuant to Treas. Reg. 7430-1(e), exhaustion of administrative remedies for purposes of a claim under § 7433 requires filing an administrative claim with the Chief, Local Insolvency Unit. As stated in note 4 herein, Klauer originally invoked that section in seeking administrative and litigation costs and fees, but acknowledged that, because he did not have a claim for damages against the IRS, that section was inapplicable. None of the IRS regulations concerning exhaustion of administrative remedies pursuant to § 7430 refer to the Chief of the Local Insolvency Unit.

However, IRS Notice 2003-19 directs the filing of claims under § 7433 to the same Case Processing Site identified for § 7430 claims. Because, Treas. Reg. 301-7430(e) further requires addressing a claim to the Chief, Local Insolvency Unit in order to exhaust administrative remedies, it may be inferred that exhaustion under § 7430 likewise requires addressing claims to the Chief of the Local Insolvency Unit. Klauer admits that he did not so address the correspondence he relies upon to meet the exhaustion requirement.

For the foregoing reasons, Klauer simply failed to comply with the exhaustion requirement of § 7430. Therefore, the Court finds that the Bankruptcy Court's conclusion that Appellant Klauer failed to exhaust his administrative remedies prior to filing his

12

Adversary Complaint, and that as a result, it had no jurisdiction to consider Klauer's request for administrative and litigation costs and fees, was not clearly erroneous or contrary to law. The Court will affirm the Bankruptcy Court's decision on this issue.

Finding That Klauer Was Not A Prevailing Party Because The Government's Position Was Substantially Justified

The Court now turns to the second issue presented in this appeal. The Bankruptcy Court found alternatively, that in the event it did have jurisdiction, Klauer's request for attorneys' fees was due to be denied because Klauer was not a prevailing party under § 7430 because the IRS' position was substantially justified. "Substantial justification" means "justified to a degree that could satisfy a reasonable person" or having a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 563-65 (1988)(definition under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)). The position of the United States may be determined to be substantially justified even if it loses or concedes an issue. Id.

In the Eleventh Circuit, the position of the United States which must be examined is the government's in-court litigation position. Ewing & Thomas, 803 F.2d at 615. The Eleventh Circuit acknowledged that such reading of § 7430 may unfairly allow the United States to escape attorneys' fee liability by taking a reasonable position in court proceedings after causing a taxpayer "all kinds of bureaucratic grief" at the administrative level, but found nonetheless that Congress had so drafted § 7430. Id. at 616.

The Bankruptcy Court found that "[d]ue to the complicated issues involved, it is reasonable that the IRS originally interpreted [Klauer's] investment in a complex tax shelter as a willful attempt to evade tax." Doc. 1-20 at ¶ 10. It also found that whether assessed

13

only during the Bankruptcy Court proceedings or throughout the IRS administrative proceedings utilized by Klauer, the IRS position was justified to the degree that would satisfy a reasonable person "due to the complexities of the case." Id. at p. 8.

Klauer argues that the IRS' position both at the Bankruptcy Court and IRS administrative levels was not substantially justified because the IRS failed to pursue any investigation as to the dischargeability of his tax liabilities and refused to process his due process hearing requests.

As stated above, in the Eleventh Circuit, it is the position of the IRS in the Bankruptcy Court proceeding that must be examined to determine whether it was substantially justified. In its Answer (Doc. 1-9) to Klauer's Complaint to Determine Dischargeability (Doc. 1-7), the IRS admitted many of the allegations contained therein and stated with regard to others, including allegations concerning the issue of whether Klauer attempted to evade or defeat payment of his delinquent tax liabilities, that it lacked knowledge or information sufficient to respond as to the truth of the allegations. Several months later, the IRS entered into an agreement with Klauer to resolve his tax liability issues and the Bankruptcy Court entered a consent judgment (Doc. 1-10).

The record demonstrates that the IRS assessed tax deficiencies for six different years (1978, 1979, 1980, 1981, 1982 and 1984) and Klauer had been involved in disputes regarding his tax liabilities for many years prior to Klauer's bankruptcy case. See generally, USA Hg. Exhs. 1-10. The Court cannot find that the Bankruptcy Court abused its discretion in finding that the IRS' position at the time Klauer's Complaint to Determine Dischargeability was filed was substantially justified because the issues regarding Klauer's tax liabilities were complex and the IRS needed time to determine whether Klauer's

investment in a complex tax shelter was a willful attempt to avoid payment of those tax liabilities. As a result, the Bankruptcy Court's conclusion that, in the event it did have jurisdiction to consider the matter, Klauer was not entitled to the administrative and litigation costs and fees he sought pursuant to § 7430, must be affirmed.

## CONCLUSION

The decision of the Bankruptcy Court is AFFIRMED as to both issues presented for the reasons set forth herein.

**DONE AND ORDERED** this ___27th___ day of November 2007.

*Howell W. Melton*
**SENIOR UNITED STATES DISTRICT JUDGE**

c:

Clerk, United States Bankruptcy Court, Middle Dist. of Fla.
Counsel of Record